989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances W. BRIGGS, Plaintiff-Appellant,
v.
NEWBERRY COUNTY SCHOOL DISTRICT; Vance O. Johnson, in his
individual capacity; Mitchell Strickland, in his
individual capacity; Donna Elmore, in
her individual capacity,
Defendants-Appellees.
 No. 92-1758.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 1, 1993
Decided: March 11, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Greenwood. G. Ross Anderson, Jr., District Judge. (CA-92-179-8-3)
 Craig Lewis Berman, CROMER & MABRY, Columbia, South Carolina, for Appellant.
 Kenneth Lendren Childs, CHILDS & DUFF, P.A., Columbia, South Carolina, for Appellees.
 James Lewis Mann Cromer, CROMER & MABRY, Columbia, South Carolina, for Appellant.
 M. Jane Turner, Allen D. Smith, CHILDS & DUFF, P.A., Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINS and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Frances W. Briggs brought this action under 42 U.S.C.A. § 1983 (West 1981), claiming that Appellees-her former employer, the School District of Newberry County, South Carolina, and three individual school district officials-violated her civil rights. The district court dismissed the action, concluding that the administrative proceedings Briggs pursued under the South Carolina Teacher Employment and Dismissal Act, S.C. Code Ann. § 59-25-410 et seq. (Law. Co-op. 1990), resulted in a prior adjudication on the merits in proceedings between identical parties, or those in privity with them, on identical subject matter. Accordingly, the district court held the action was barred by res judicata. We affirm.
 
 I.
 
 2
 In April 1990, District Superintendent Vance O. Johnson notified Briggs that he was recommending that her teaching contract not be renewed for the upcoming school year. See S.C. Code Ann. § 59-25410. Briggs sought and received a hearing before the Newberry County School Board. See S.C. Code Ann.s 59-25-470. During this two-day hearing, Briggs was represented by counsel, presented evidence, and cross-examined witnesses. See id. She maintained that no good cause existed for her dismissal; however, she did not present any constitutional claims in support of her position. The school board voted not to renew Briggs' contract.
 
 
 3
 Briggs appealed this administrative decision to the South Carolina Court of Common Pleas, S.C. Code Ann. § 59-25-480, maintaining that the evidence presented in the administrative hearing was insufficient to justify her dismissal, that the school district had failed to give her adequate time or opportunity to improve as required by S.C. Code Ann. § 59-25-440, and that the school board did not properly deliberate on the matter. The court determined that there was substantial evidence to support the decision of the school board and, therefore, affirmed its decision. Briggs sought reconsideration, raising constitutional claims for the first time. The district court, however, denied this motion, and Briggs failed to seek further review in the state courts.
 
 
 4
 Instead, Briggs brought this action under 42 U.S.C.A. § 1983, alleging that Appellees violated rights guaranteed to her under the First Amendment, U.S. Const. amend. I, and the Due Process Clause, id. at amend. XIV, § 1, in failing to renew her employment contract. Appellees filed a motion to dismiss, claiming that the action was barred by principles of res judicata and collateral estoppel. The district court agreed that Briggs' action was precluded by res judicata and dismissed the suit. Briggs appeals, principally contending that the individual defendants were not privies to the prior proceedings and that she could not, nor was she required to, raise her constitutional claims in those proceedings.
 
 II.
 
 5
 "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). In a well-reasoned opinion, the district court properly concluded that the tribunals of South Carolina would give preclusive effect to the state judgment. Because we agree with the reasoning of the district court, and because we conclude that Briggs was given a full and fair opportunity to litigate her claims in the administrative proceeding, see Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481-83 (1982), we affirm.
 
 AFFIRMED